(No. 12057.—Writ denied.)
THE PEOPLE *ex rel.* Otto W. Ziebarth *et al.* Petitioners, *vs.* AUGUST LUEDERS *et al.* Respondents.

*Opinion filed April 17, 1918.*

1. CONSTITUTIONAL LAW—*acts of 1917, regarding election of town officers in towns of 25,000, do not extend terms of incumbent officers.* The act of June 14, 1917, (Laws of 1917, p. 286,) providing for the election in 1920, and every four years thereafter, of an assessor, collector and supervisor in incorporated towns of 25,000 and over, and the act of June 25, 1917, (Laws of 1917, p. 486,) providing for the election in 1920, and every four years thereafter, of a president and clerk of said towns, do not extend the terms of office of the officers elected in 1916 and are therefore not invalid on such ground.

2. ELECTIONS—*nominating petitions in town of Cicero must be filed with election commissioners of Chicago.* Under section 2 of article 8 of the Election law the commissioners of election of the city of Chicago are *ex-officio* commissioners of election of the town of Cicero, and nominating petitions of candidates for the offices of assessor, collector, supervisor and clerk in said town must be filed with said board of election commissioners within the time required by paragraph 4 of section 30 of the act concerning the holding of primary elections.

ORIGINAL petition for *mandamus.*

WILLIAM F. STRUCKMANN, (FELSENTHAL & WILSON, of counsel,) for petitioners.

COLIN C. H. FYFFE, OSCAR H. OLSEN, and FRANK L. SHEPARD, for respondents.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an original petition for *mandamus* filed in this court to compel the respondent Charles Stoffel, clerk of the town of Cicero, in Cook county, to certify to the board of election commissioners of the city of Chicago the names of the petitioners as candidates of the republican party for the offices of assessor, collector, supervisor and clerk, respectively, and to compel said board of election commissioners to cause to be printed upon the official primary ballots of the said town of Cicero for the primaries to be held on the 26th day of February, 1918, the names of the petitioners for the respective offices above mentioned, pursuant to nominating petitions signed by the requisite number of registered legal voters of the republican party filed with Stoffel, as clerk of the town of Cicero, on February 6, 1918. An answer was filed by the respondents, and it appears from the pleadings (there being no dispute as to the facts) that the town of Cicero is an incorporated town containing over 25,000 inhabitants, and that proper petitions, signed by the requisite number of legal voters of the republican party, were presented to the respondent the town clerk as set out in the petition; also that the respondents the members of the board of election commissioners of the city of Chicago are *ex-officio* the board of election commissioners of the town of Cicero. By oral announcement at the February term the writ was denied, and this opinion follows.

The purpose of the petition, as appears from the argument on behalf of relators, is to test the validity of two

laws enacted by the Fiftieth General Assembly and approved by the Governor. The first of these laws, which was approved June 14, 1917, is an act in relation to the offices of assessor, collector and supervisor in incorporated towns having a population of 25,000 and over by the last school census. Section 1 provides that at the regular election to be held in the year 1920 for municipal officers in every incorporated town having a population of 25,000 and over by the last school census, and not before, and every four years thereafter, there shall be elected an assessor, collector and supervisor of such incorporated town, to hold office for the term of four years and until their successors are elected and qualify, etc. (Laws of 1917, p. 286.) The other law was approved June 25, 1917, and is an act in relation to the offices of president and clerk in incorporated towns having a population of 25,000 and over at the last school census, and section 1 contains a provision that at the regular election to be held in the year 1920 in such towns, and not before, and every four years thereafter, there shall be elected a president and clerk in each of said incorporated towns, to hold office for the term of four years, etc. (Laws of 1917, p. 486.)

The question raised is whether said enactments can be construed to extend the terms of the officers therein named who were elected in 1916, and if so, it is contended that said laws are unconstitutional. As far as this point raised by the briefs and arguments is concerned, we do not see how the enactments by their plain terms can have any such effect. By express terms the acts apply to officers that are to be elected at the regular election in 1920, and not before. The office of supervisor was filled by the election of the present incumbent at the election held on the first Tuesday in April, 1916, for a term of two years, in compliance with the act of June 29, 1915. (Laws of 1915, p. 726.) The assessor, collector and clerk of the town were elected on the first Tuesday in April, 1916, each for a term of two years,

in compliance with the act of June 14, 1909. (Laws of 1909, p. 470.) The terms of these officers expire in 1918, on the election and qualification of their successors.

The writ, however, must be denied on other grounds. Under section 2 of article 8 of the Election law (Hurd's Stat. 1917, p. 1319,) the commissioners of election of the city of Chicago are *ex-officio* commissioners of election of the town of Cicero, as alleged in the petition, and the nominating petitions of relators should have been filed with them. The application and validity of this provision are not questioned. Under paragraph 4 of section 30 of the act to provide for holding primary elections, (Hurd's Stat. 1917, p. 1374,) the petitions for nominations should have been filed with said board of election commissioners not less than twenty nor more than thirty days prior to the date of the primary. The date of the primary was February 26, and it appears that the petition was presented to the respondent the town clerk of the town of Cicero on February 6, at about 11 :55 P. M., and that the office of said town clerk is located in the town hall in the town of Cicero and is a distance of eight miles or more from the office of the board of election commissioners of the city of Chicago, which latter office is located in the city hall in the down-town district of said city, and that it was a physical impossibility for said clerk to transmit said petition to the board of election commissioners to·have the same filed in time, even if there were any authority in him to do so. It is set out in the answer that he did so transmit said petition, but it was received by the board of commissioners too late and not within the twenty days, and for that reason the board refused to file the same.

For the above reasons the writ of *mandamus* was denied.

*Writ denied.*